U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 0 1 2005

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **TOMMIE ANDERSON** | DOCKET NO. 1:05 CV 0255 |
| | SECTION P |
| VS. | JUDGE DRELL |
| **BUREAU OF PRISONS** | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a <u>Bivens</u>[1] action by *pro se* Plaintiff, **TOMMIE ANDERSON,** ("Plaintiff").[Rec. Doc. 1]. Plaintiff was granted permission to proceed *in forma pauperis* on March 11, 2005. [Rec. Doc. 3]. Plaintiff is currently incarcerated at the US Penitentiary ("USP Pollock") in Pollock, Louisiana. [Rec. Doc. 1, p.1] Named as defendants are: the BOP, Robert Tapia, Harley Lappin, and the US Department of Justice. [Doc. 1, p.4].

Plaintiff alleges the defendants denied his Access to Courts by the inadequacy of the prison law library. [Doc. 1, p. 4]. Specifically, Plaintiff contests the fact that Federal prisons are

---

[1] <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 397, 29 L.Ed. 2d 619, 91 S.Ct. 1999 (1971) affords a victim of unconstitutional conduct by a federal actor or agent a direct remedy under the Constitution. The <u>Bivens</u> decision has been interpreted by courts as the counterpart to § 1983 and extends the protections afforded under § 1983 to parties injured by federal actors. *See* <u>Evans v. Ball</u>, 168 F.3d 856, 863 n. 10 (5th Cir. 1999) (A <u>Bivens</u> action is analogous to an action under § 1983-the only difference being that § 1983 applies to constitutional violations by state, rather than federal officers. *citing* <u>Abate v. Southern Pacific Transp. Co.</u>, 993 F.2d 107, 110 n.14 (5th Cir.1993)). Accordingly, since Plaintiff is seeking redress for violations of his constitutional rights by an employee of a federal penitentiary, not state actors, his claim is properly brought pursuant to <u>Bivens</u>, and not 42. U.S.C. § 1983.

not required to keep state materials in the law library. Plaintiff contends that he wishes to do research into his previous state convictions that were allegedly used to enhance his federal sentence. As relief he seeks law books for the states of California, Louisiana, and North Carolina, the places he was previously convicted or has an ongoing lawsuit.

Plaintiff was ordered to amend and he timely complied. [Rec. Doc. 5]

**SCREENING**

Plaintiff is proceeding *in forma pauperis* in this action. His complaint is therefore subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, because Plaintiff is a prisoner currently incarcerated and his civil action seeks redress from a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate the dismissal of an action at any time before responsive pleadings are filed if the Court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See*, 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). In performing this screening function the Court must take into account

it's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining whether a cause of action exists. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*).

A complaint is frivolous if it lacks an arguable basis in law or in fact. <u>Hicks v. Garner</u>, 69 F.3d 22, 25 (5th Cir. 1995); <u>Booker v. Koonce</u>, 2 F.3d 114, 115 (5th Cir. 1993). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. <u>Smith v. Winter</u>, 782 F.2d 508, 511-12 (5th Cir. 1986). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. <u>Horton v. Cockrell</u>, 70 F.3d 397,400 (5th Cir. 1996).

**ACCESS TO COURTS**

In <u>Bounds v. Smith</u>, 430 U.S. 817, 822, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977), the Supreme Court held that prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts. See also <u>Johnson v. Rodriguez</u>, 110 F.3d 299, 310 (5th Cir.), cert. denied, 522 U.S. 995 (1997). A prisoner's right of access is not unlimited, however. "[I]t encompasses only 'a reasonably adequate opportunity to file

3

nonfrivolous legal claims challenging their convictions or conditions of confinement." ' Id. at 310-311 (quoting Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996)). In Lewis, the Supreme Court explained that before an inmate may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that the suffered "actual injury"--i.e. that the denial of access "hindered his efforts to pursue a legal claim." 518 U.S. at 351, 116 S.Ct. at 2180. See also McDonald v. Steward, 132 F.3d 225, 231 (5th Cir.1998).

An inmate alleging denial of access to the courts **must demonstrate an actual injury** stemming from the **defendants' unconstitutional conduct.** Lewis v. Casey, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir.1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); Chriceol v. Phillips, 169 F.3d 313 (5th Cir.1999). If a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the courts is not valid. Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir.), cert. denied, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992).

In the instant case, Plaintiff has failed to demonstrate the standing requirement of an "actual injury,". Despite an opportunity to amend, he failed to allege any actual injury or prejudice. Plaintiff essentially desires to go on a legal fishing

4

expedition to research any possible legal way to undermine his prior convictions. This is not an actual injury, and does not state a claim for an access to courts violation. As such, this claim is frivolous and should be dismissed pursuant to be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i).

**Based upon the foregoing,**

**IT IS RECOMMENDED** that Plaintiff's claim that he was denied meaningful access to the courts **be dismissed with prejudice as frivolous** pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i).

### OBJECTIONS

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have ten (10) calendar days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.**

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in**

this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.[2]

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this ___1st___ day of ___September___, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[2] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).