IMPORTANT NOTICE: Courtesy copies of documents you file should NOT be provided to any judge. All communications with the court SHALL ONLY be by document filed with the Clerk of Court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TOMMIE ANDERSON,<br>    Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. 05-cv-0255 |
| VERSUS | |
| BUREAU OF PRISONS, et al.,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before this court is a complaint filed, in forma pauperis, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971), on February 2, 2005 and amended on plaintiff May 30, 2008 (Doc. 25) by plaintiff Tommie Anderson ("Anderson"). The named defendants are the U.S. Bureau of Prisons ("BOP"), Robert M Tapia ("Tapia") (a "director" of the BOP) and Harley Lappin ("Lappin")(warden of the United States Penitentiary in Pollock, Louisiana ("USP-Pollock")), and the U.S. Department of Justice. Anderson contends that, while he was confined in the USP-Pollock in 2004, defendants violated his rights to due process and equal protection of the law. Anderson alleges that defendants denied him access to the court by refusing to furnish him with legal research materials in order for him to

determine whether he could file for post-conviction relief (Doc. 25). Anderson further contends he was never advised of any administrative procedure to appeal the defendants' refusal to provide him with legal research materials (Doc. 25). Anderson contends he has since been discharged from the custody of the BOP and is currently serving a term of supervised release (Doc. 25). For relief, Anderson asks for a jury trial, monetary damages, and costs.

Anderson's action was dismissed by the district judge on September 22, 2005 (Doc. 11). On appeal, on April 17, 2008, the Fifth Circuit Court of Appeals reversed the judgment of dismissal and remanded Anderson's case to this court for further proceedings (Doc. 21).

Service was ordered (Doc. 24) and summons were issued on June 20, 2008 for service by the U.S. Marshal's Service (Doc. 26). In an attempt to serve "any warden" of USP-Pollock (see Doc. 29), Anderson named Warden Federick Menifee on USM-Form 285 (the service receipt and return) as "one of them I remember" (see Doc. 29). The summons were returned unexecuted for Robert Tapia (Doc. 28) and Frederick Menifee (Doc. 29) due to their retirement.[1]

The U.S. Department of Justice and the BOP were served on July 22, 2008 (Doc. 27). Service was made on the current "warden of USP-Pollock" on February 27, 2009 (Doc. 35).

---

[1] Menifee was never named as a defendant in this suit.

Anderson filed a motion for entry of default (Doc. 38), to which defendants responded (Doc. 40). Defendants then filed a motion to dismiss the complaint (Doc. 39). The parties' motions are now before this court for disposition.

## Law and Analysis

### U.S. Department of Justice, the BOP, and Official Capacity Suits

Bivens defendants are federal officials brought into federal court for violating the Federal Constitution. Bivens-type actions may be brought only against federal agents and not federal agencies. F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994); Whitley v. Hunt, 158 F.3d 882 885 (5th Cir. 1998). Under Bivens, a plaintiff may recover damages for any injuries suffered as a result of federal agents' violations of his constitutional rights. Channer v. Hall, 112 F.3d 214, 216 (5th Cir. 1997). The purpose of Bivens is to deter individual federal officers from committing constitutional violations. Correctional Serv. Corp. v. Malesko, 534 U.S. 61, 122 S.Ct. 515 (2001).

An inmate may not bring a Bivens action against the United States, the Bureau of Prisons, or its officers in their official capacities as such claims are barred by the doctrine of sovereign immunity. Gibson v. Federal Bureau of Prisons, 121 Fed.Appx. 549, 551 (5th Cir. 2004), citing Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358, 361 (1991)(the real party in interest in an official-capacity suit is the governmental entity and not the names

official); Correctional Serv. Corp. v. Malesko, 534 U.S. 61, 122 S.Ct. 515 (2001). Therefore, defendants' motion to dismiss should be granted in favor of the BOP and the U.S. Department of Justice.

Anderson does not state whether he is suing Tapia and Lappin in their official and/or individual capacities. To the extent he may be suing them in their official capacities, defendants' motion to dismiss should be granted in favor of Tapia and Lappin in their official capacities because those claims are also barred by sovereign immunity.

Tapia

None of the named defendants were the warden of USP-Pollock at the time the warden was served on February 27, 2009. Defendants state in their brief that Tapia was warden from December 28, 2003 through January 31, 2005, and was thus the warden when Anderson was incarcerated in USP-Pollock in 2004. However, Tapia was retired at the service was effected on the warden in 2009, so Tapia has never been served. Since a Bivens suit may only be brought against defendants in their individual capacities and not in their official capacities, service on the warden in 2009 does not constitute service on former warden Tapia.

Therefore, Anderson's complaint against Tapia should be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m). See McGinnis v. Shalala, 2 F.3d 548, 550 (5th Cir. 1993), cert. den., 510 U.S. 1191, 114 S.Ct. 1293, 127 L.Ed.2d 647 (1994); Systems

<u>Signs Supplies v. U.S. Dept. of Justice</u>, 903 F.2d 1011, 1013 (5th Cir. 1990); <u>Kersh v. Derosier</u>, 851 F.2d 1509, 1512 (5th Cir. 1988).

<u>Lappin</u>

Defendants state in their brief that Lappin has never been the warden of USP-Pollock. More to the point, Anderson did not fill out a summons for service on Lappin and he has never been served. Therefore, Anderson's complaint against Lappin should be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m).

<u>Motion for Default</u>

Since the U.S. Department of Justice, the BOP, and the Tapia and Lappin in their official capacities are entitled to sovereign immunity from suit, Anderson's motion for entry of default against them should be denied.

Since Tapia and Lappin were never served, Anderson's motion for entry of default against them in their individual capacities should be denied for lack of service.

<u>Conclusion</u>

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion to dismiss (Doc. 39) be GRANTED and Anderson's action against the U.S. Department of Justice, the Bureau of Prisons, and the defendants in their official capacities be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that defendants' motion to dismiss (Doc. 39) be GRANTED and Anderson's complaint against Tapia and

Lappin be DISMISSED WITHOUT PREJUDICE for failure to effect service.

IT IS FURTHER RECOMMENDED that Anderson's motion for entry of default be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ___ day of September, 2010.

JAMES D. KIRK
United States Magistrate Judge